ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LINDSEY L. SMITH (SBN 265401)
lls@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Alfred H. Siegel, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GENIUS PRODUCTS, LLC,<br><br>Debtor.<br><br>———————————————<br>ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GENIUS PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR DRINKWATER,<br><br>Defendant. | **CASE NO.: 2:11-bk-62283-RN**<br><br>**Chapter 7**<br><br>**Adv. No. 2:14-ap-01287-RN**<br><br>**FIRST AMENDED COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br>**(2) TO PRESERVE RECOVERED TRANSFERS FOR BENEFIT OF DEBTOR'S ESTATE;**<br>**(3) BREACH OF FIDUCIARY DUTY;**<br>**(4) CONVERSION; AND**<br>**(5) RECOVERY OF CORPORATE DISTRIBUTIONS [Title 6 Delaware Code § 18-607]**<br><br>**[11 U.S.C. § 544 and California Civil Code § 3439 et. seq. and 11 U.S.C. §§ , 547, 548 and 550]** |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE:**

1

Plaintiff Alfred H. Siegel, not individually but solely in his capacity as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Genius Products, LLC (the "Debtor") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

2. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES AND GENERAL ALLEGATIONS

3. This case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on December 27, 2011 (the "Petition Date") against Genius Products, LLC (the "Debtor").

4. Thereafter, on May 4, 2012, the Court entered that certain Order for Relief on Involuntary Bankruptcy Petition (the "Order for Relief"). Thereafter, Alfred H. Siegel appointed as Chapter 7 Trustee for the Debtor's bankruptcy estate, a capacity in which he continues to serve.

5. Trustee is informed and believes, and based thereon alleges that defendant Trevor Drinkwater ("Defendant") is an individual residing in Los Angeles County (Pacific Palisades), California, and is subject to the jurisdiction of this Court. Trustee is informed and believes and based thereon alleges that the Defendant is an insider of the Debtor on the basis that the Defendant was the chief executive officer of the Debtor at all relevant times alleged herein.

///

2

6. To date, the Debtor has not appeared for examination by the Plaintiff in accordance with 11 U.S.C. §341(a). In addition, the Debtor has not filed any schedules or statement of financial affairs in its bankruptcy proceeding. Notwithstanding, as set forth in the involuntary petition, the Debtor maintains at least three creditors (World Wrestling Entertainment Inc., Thought Equity Motion, Inc. and LD Entertainment) existing as of the date the involuntary petition was filed and the date the Order for Relief was entered.

## GENERAL ALLEGATIONS

7. Trustee is informed and believes, and based thereon alleges that within the four (4) years prior to the Petition Date, the Debtor transferred an interest of the Debtor to the Defendant, with said transfers set forth on **Exhibit "A"** (the "Transfers").

8. Trustee reserves his right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## FIRST CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07]**

9. The Trustee incorporates herein by this reference paragraphs 1 through 8, inclusive, of this Complaint as if set forth in full herein.

10. The Trustee is informed and believes, and based thereon alleges that, as of the

3

Petition Date as specifically set forth in the involuntary petition, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

11. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

12. The Trustee is informed and believes, and based thereon alleges that, during the four years preceding the Petition Date, the Debtor transferred the Transfers for no or little consideration to the Debtor. Specifically, the Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits which are not yet known with the actual intent to hinder, delay and defraud Debtor's creditors.

13. The Trustee is informed and believes, and based thereon alleges that the Transfers to Defendant were made with the actual intent to hinder, delay and defraud Debtor's creditors.

14. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

## SECOND CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07]**

15. The Trustee incorporates herein by this reference paragraphs 1 through 14, inclusive, of this Complaint as if set forth in full herein.

16. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date as specifically set forth in the involuntary petition, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

17. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

18. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the Transfers to Defendant without receiving a reasonably equivalent value in exchange for the property transferred. Specifically, the Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits and for their own personal use such that the Debtor received no benefit and ultimately the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

19. The Trustee is informed and believes, and based thereon alleges that at the time the Debtor made the Transfers to Defendant, the Debtor was engaged or about to engage in a business or a transaction for which the Debtor's remaining assets were unreasonably small in relation to such business or transaction.

20. The Trustee is informed and believes, and based thereon alleges that at the time of the Transfers, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

21. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

### THIRD CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07]**

22. The Trustee incorporates herein by this reference paragraphs 1 through 21,

inclusive, of this Complaint as if set forth in full herein.

23. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date as specifically set forth in the involuntary petition, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

24. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

25. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the Transfers to Defendant without receiving a reasonably equivalent value in exchange. Specifically, the Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits and for their own personal use such that the Debtor received no benefit from such use and ultimately did not receive reasonably equivalent value in exchange for the Transfers.

26. The Trustee is informed and believes, and based thereon alleges that the Debtor was insolvent at the time the Transfers was made or became insolvent as a result of the Four Year Transfers.

27. The Transfers constitutes fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

### FOURTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(A) and 550(a)]**

28. The Trustee incorporates herein by this reference paragraphs 1 through 27, inclusive, of this Complaint as if set forth in full herein.

6

29.     The Trustee is informed and believes, and based thereon alleges that during the two (2) year period preceding the Petition Date, the Debtor transferred the Transfers to or for the benefit of Defendant.

30.     The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

31.     The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the Transfers to the Defendant for no or little consideration.

32.     The Transfers were made by the Debtor to Defendant with the actual intent to hinder, delay or defraud the Debtor's creditors.

33.     The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

### FIFTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**(Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

34.     The Trustee incorporates herein by this reference paragraphs 1 through 33, inclusive, of this Complaint as if set forth in full herein.

35.     The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the Transfers to Defendant.

36.     The Trustee is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfers.

37.     The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor was insolvent or became insolvent as a result of each such Transfers.

38. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

39. The Trustee is informed and believes, and based thereon alleges that, by virtue of the Transfers, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

40. Trustee is informed and believes, and based thereon alleges that Debtor's management engaged in mismanagement which caused the Debtor to cease operations. The Trustee is informed and believes, and based thereon alleges that, the Debtor's management transferred Debtor funds to other affiliated or related entities, including Defendant for personal benefits and for their own personal use such that the Debtor received no benefit from such use and ultimately did not receive reasonably equivalent value in exchange for the Transfers.

41. The Transfers constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

## SIXTH CLAIM FOR RELIEF

### (Against Defendant To Recover Transfers)

### (Recovery Of Transfers Pursuant To 11 U.S.C. § 550)

42. The Trustee incorporates herein by this reference paragraphs 1 through 41, inclusive, of this Complaint as if set forth in full herein.

43. The Trustee is informed and believes, and based thereon alleges that, to the extent Defendant is not the initial transferee of the Transfers referred to in this Complaint, the Defendant is the immediate or mediate transferee of the initial transferee of such Transfers.

44. Upon avoidance of the Transfers under the Claims for Relief alleged herein, the Trustee is entitled to recover these Transfers from Defendant as an initial transferee, the immediate or mediate transferee of such initial transferee, or an entity for whose benefit these Transfers were made pursuant to 11 U.S.C. § 550.

8

## **SEVENTH CLAIM FOR RELIEF**

### **(Against Defendant for Breach Of Fiduciary Duty and Self-Dealing)**

45. The Trustee incorporates herein by this reference paragraphs 1 through 44, inclusive, of this Complaint as if set forth in full herein.

46. During all times material hereto, Defendant was an officer and director of the Debtor and, because of this relationship, Defendant owed a fiduciary duty to act in the best interests of the Debtor, including duties of care, loyalty and good faith under California and any other applicable state law.

47. During the four (4) year period prior to the Petition Date, at which time the Debtor was insolvent or became insolvent, Defendant owed a fiduciary duty to the creditors of the Debtor under California and any other applicable state law.

48. Plaintiff is informed and believes and thereon alleges that Defendant breached his fiduciary duties to the Debtor and its creditors, as described in detail herein.

49. Plaintiff is informed and believes that Defendant, either alone or in concert with other directors or officers of the Debtor, breached his fiduciary duty to the Debtor and their creditors by causing the Debtor to issue payments of Debtor funds to insiders, including officers, directors and members of the Debtor, in an effort to avoid paying creditors of the Debtor.

50. The dissipation of Debtor funds authorized by the Defendant reduced the assets available to the Debtor and the Debtor's creditors.

51. The dissipation of funds of the Debtor authorized by Defendant caused damage to the Debtor and to the Debtor's creditors who did not receive payment on account of obligations due from the Debtor to the Debtor's creditors.

52. Defendant used his position, control and power as a director and officer of the Debtor to issue payments of the Debtor's funds to insiders, including officers, directors and members of the Debtor, in an effort to avoid paying creditors of the Debtor, and in so doing, breached his fiduciary duties to the Debtor and its creditors.

9

53. Plaintiff is informed and believes that Defendant, either alone or in concert with other directors or officers of the Debtor, authorized payments in excess of $130,000,000.00 to insiders, including officers, directors and members of the Debtor, in an effort to avoid paying creditors of the Debtor and thereby breached his fiduciary duties by reducing the assets available to pay the Debtor's creditors in said amount.

### EIGHTH CLAIM FOR RELIEF

**(Against Defendant for Breach Of Fiduciary Duty and Self-Dealing)**

54. The Trustee incorporates herein by this reference paragraphs 1 through 53, inclusive, of this Complaint as if set forth in full herein.

55. During all times material hereto, Defendant was an officer and director of the Debtor and, because of this relationship, Defendant owed a fiduciary duty to act in the best interests of the Debtor, including duties of care, loyalty and good faith under California and any other applicable state law.

56. Plaintiff is informed and believes and thereon alleges that Defendant breached his fiduciary duties to the Debtor and its creditors, as described in detail herein.

57. To date, the Debtor has not appeared for examination by the Plaintiff in accordance with 11 U.S.C. §341(a). In addition, the Debtor has not filed any schedules or statement of financial affairs in its bankruptcy proceeding.

58. Plaintiff is informed and believes that Defendant, either alone or in concert with other directors or officers of the Debtor, breached his fiduciary duty to the Debtor and its creditors by causing the Debtor to not appear for examination by the Plaintiff in accordance with 11 U.S.C. §341(a).

59. Plaintiff is informed and believes that Defendant, either alone or in concert with other directors or officers of the Debtor, breached his fiduciary duty to the Debtor and its creditors by causing the Debtor to not file schedules or statements of financial affairs in the Debtor's bankruptcy case.

60. Plaintiff is informed and believes that Defendant, either alone or in concert with other directors or officers of the Debtor, breached his fiduciary duty to the Debtor and its creditors by causing the Debtor to not respond to any request of the Plaintiff to provide the Plaintiff with the books and records of the Debtor in connection with the administration of the Debtor's bankruptcy case such that Defendant is liable for any actions that are later determined to be time barred.

61. Defendant used his position, control and power as a director and officer of the Debtor to (a) not appear for examination by the Plaintiff in accordance with 11 U.S.C. §341(a), (b) not file schedules or statements of financial affairs in the Debtor's bankruptcy case, and (c) not provide the Plaintiff with the books and records of the Debtor in connection with the administration of the Debtor's bankruptcy case, and in so doing, breached his fiduciary duties to the Debtor and its creditors.

### NINTH CLAIM FOR RELIEF

### (Against Defendant for Conversion)

62. The Trustee incorporates herein by this reference paragraphs 1 through 61, inclusive, of this Complaint as if set forth in full herein.

63. Plaintiff is informed and believes that Defendant, at all relevant times herein, was in possession of the books and records of the Debtor.

64. Plaintiff is informed and believes that Defendant intentionally and substantially interfered with Debtor's books and records by preventing Plaintiff from having access to the Debtor's books and records and/or destroyed the Debtor's books and records and/or refused to provide the Debtor's books and records to Plaintiff upon demand upon Defendant for Debtor's books and records.

65. Plaintiff is informed and believes that the Debtor did not consent to the Defendant's continued custody and control of the Debtor's books and records. Since the Petition

11

Date, the Plaintiff has not consented to the Defendant's continued custody and control of the Debtor's books and records.

66. As a result of Defendant's continued custody and control of the Debtor's books and records, the Debtor and Plaintiff have been harmed by the loss of any potential claims against 3rd parties that are later determined to be time barred.

67. Plaintiff is informed and believes that the Defendant's continued custody and control of the Debtor's books and records is a substantial factor in the harm caused to the Debtor and Plaintiff.

## TENTH CLAIM FOR RELIEF

### (Avoidance And Recovery Of Unlawful Distribution

### Under 11 U.S.C. § 544 And Title 6 Delaware Code § 18-607)

68. The Trustee incorporates herein by this reference paragraphs 1 through 67, inclusive, of this Complaint as if set forth in full herein.

69. Defendant received one or more of the Transfers.

70. Plaintiff is informed and believes that, immediately prior to the Transfers, the amount of the retained earnings of the Debtor immediately prior to the Transfers was less than the amount of the Transfers plus any preferential dividends arrears amount.

71. Plaintiff is informed and believes that, immediately after the Transfers were received by Defendant, the value of the Debtor's assets was less than sum of their total liabilities plus the amount needed to satisfy the preferential rights, including accrued but unpaid dividends, of other equity holders upon dissolution.

72. At all times herein complained of, Defendant knew of those facts indicating that the Transfers were improper due to the financial position of the Debtor.

73. As of before the date of the Transfers, the Debtor had at least one unpaid unsecured creditor who holds an allowed unsecured claim against the Debtor as of the Petition Date. These creditors have not consented to the Transfers.

74. Pursuant to 11 U.S.C. §§ 544(b) and 550(a), and Title 6 Delaware Code § 18-607, Plaintiff is entitled to avoid and set aside the Transfers and recover from Defendant a sum according to proof.

## ELEVENTH CLAIM FOR RELIEF

### (Avoidance And Recovery Of Unlawful Distribution

### Under 11 U.S.C. § 544 And Title 6 Delaware Code § 18-607)

75. The Trustee incorporates herein by this reference paragraphs 1 through 74, inclusive, of this Complaint as if set forth in full herein.

76. At the time of the Transfers, the Debtor was, or after the Transfers became likely to be, unable to meet its liabilities as they matured.

77. At all times herein complained of, Defendant knew of those facts indicating that the Transfers were improper due to the financial position of the Debtor.

78. As of before the date of the Transfers, the Debtor has had at least one unpaid unsecured creditor who holds an allowed unsecured claim against the Debtor as of the Petition Date. These creditors have not consented to the Transfers.

79. Pursuant to 11 U.S.C. §§ 544(b) and 550(a), and Title 6 Delaware Code § 18-607, Plaintiff is entitled to avoid and set aside the Transfers and recover from Defendant a sum according to proof, for the benefit of the estate.

## PRAYER FOR RELIEF

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A. For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439 et seq.;

B. For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

13

C.  For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

D.  For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq.;

E.  For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

F.  For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

G.  For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and California Civil Code §§ 3439 et seq.;

H.  For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

I.  For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

J.  For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

K.  For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

L.  For such other and further relief as the Court deems just and proper.

On the Fifth Claim for Relief:

M.  For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

   N. For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

   O. For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief:

   P. For a judgment against Defendant recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

   Q. For such other and further relief as the Court deems just and proper.

On the Seventh Claim for Relief:

   R. For damages directly and proximately caused by the foregoing breaches by Defendant of his fiduciary duties to the Debtor and the Debtor's creditors.

   S. For such other and further relief as the Court deems just and proper.

On the Eighth Claim for Relief:

   T. For damages directly and proximately caused by the foregoing breaches by Defendant of his fiduciary duties to the Debtor and the Debtor's creditors.

   U. For such other and further relief as the Court deems just and proper.

On the Ninth Claim for Relief:

   V. For the Defendant to return to Plaintiff the Debtor's books and records.

   W. For damages directly and proximately caused by the foregoing Defendant's retention of the Debtor's books and records.

   X. For such other and further relief as the Court deems just and proper.

On the Tenth Claim for Relief:

   Y. For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550 and Title 6 Delaware Code § 18-607;

   Z. For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate;

and

AA.    For such other and further relief as the Court deems just and proper.

<u>On the Eleventh Claim for Relief</u>:

BB.    For a determination by the Court that the Transfers were fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550 and Title 6 Delaware Code § 18-607;

CC.    For a judgment against Defendant avoiding the Transfers and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

DD.    For such other and further relief as the Court deems just and proper.

<u>As to All Claims for Relief</u>:

EE.    For costs of suit incurred herein, including, without limitation, attorneys' fees.

FF.    For such other and further relief, which this Court deems just and appropriate.

DATED: May 2, 2014                      LEVENE, NEALE, BENDER,
                                                YOO & BRILL L.L.P.


                                                 By:   /s/ Anthony A. Friedman
                                                        ANTHONY A. FRIEDMAN
                                                        LINDSEY L. SMITH
                                               Attorneys for Plaintiff, Alfred H. Siegel,
                                               Chapter 7 Trustee for the Bankruptcy Estate
                                               of Genius Products, LLC

# EXHIBIT "A"



**GENIUS PRODUCTS LLC**
Petition Date: December 27, 2011
Analysis of Disbursements for Four Years Prior to Petition Date
Source: Debtor Bank Statements and Enclosures

| Bank Account Number | Date | Check / Ref Number | Payee | Amount |
|---|---|---|---|---|
| 202304853 | 04/04/08 | 34052 | Trevor Drinkwater | 12,720.22 |
| 202304853 | 04/11/08 | 34159 | Trevor Drinkwater | 518.02 |
| 202304853 | 04/18/08 | 34241 | Trevor Drinkwater | 4,853.72 |
| 202304853 | 05/22/08 | 34593 | Trevor Drinkwater | 6,358.41 |
| 202304853 | 05/22/08 | 34468 | Trevor Drinkwater | 2,134.15 |
| 202304853 | 05/30/08 | 34826 | Trevor Drinkwater | 20,367.52 |
| 202304853 | 06/03/08 | 34976 | Trevor Drinkwater | 7,788.77 |
| 202304853 | 06/13/08 | 35175 | Trevor Drinkwater | 5,697.40 |
| 202304853 | 06/19/08 | 35269 | Trevor Drinkwater | 4,461.12 |
| 202304853 | 07/11/08 | 35524 | Trevor Drinkwater | 16,050.93 |
| 202304853 | 07/17/08 | 35388 | Trevor Drinkwater | 664.44 |
| 202304853 | 07/22/08 | 35554 | Trevor Drinkwater | 26,329.37 |
| 202304853 | 07/28/08 | 35614 | Trevor Drinkwater | 3,320.86 |
| 202304853 | 08/08/08 | 35910 | Trevor Drinkwater | 2,804.53 |
| 202304853 | 08/15/08 | 35722 | Trevor Drinkwater | 5,922.67 |
| 202304853 | 09/02/08 | 36095 | Trevor Drinkwater | 8,284.13 |
| 202304853 | 09/02/08 | 35953 | Trevor Drinkwater | 942.57 |
| 202304853 | 09/17/08 | 36268 | Trevor Drinkwater | 4,011.59 |
| 202304853 | 09/22/08 | 36305 | Trevor Drinkwater | 13,061.32 |
| 202304853 | 09/29/08 | 36527 | Trevor Drinkwater | 5,611.16 |
| 202304853 | 09/29/08 | 36475 | Trevor Drinkwater | 4,181.82 |
| 202304853 | 10/24/08 | 40247 | Trevor Drinkwater | 6,598.52 |
| 202304853 | 10/27/08 | 40125 | Trevor Drinkwater | 11,211.90 |
| 202304853 | 11/03/08 | 40369 | Trevor Drinkwater | 5,919.43 |
| 202304853 | 11/14/08 | 40445 | Trevor Drinkwater | 7,144.59 |
| 202304853 | 11/20/08 | 40468 | Trevor Drinkwater | 14,688.28 |
| 202304853 | 12/05/08 | 40786 | Trevor Drinkwater | 13,579.28 |
| 202304853 | 12/18/08 | 40873 | Trevor Drinkwater | 14,091.42 |
| 202304853 | 01/22/09 |  | Trevor Drinkwater | 308,893.44 |
| 202304853 | 02/13/09 | 41460 | Trevor Drinkwater | 9,087.99 |
| 202304853 | 03/05/09 | 41736 | Trevor Drinkwater | 5,452.34 |
| 202304853 | 03/13/09 | 41851 | Trevor Drinkwater | 5,346.54 |
| 202304853 | 03/20/09 | 41897 | Trevor Drinkwater | 4,198.27 |
| 202304853 | 04/10/09 | 42026 | Trevor Drinkwater | 8,933.42 |
| 202304853 | 04/27/09 | 42166 | Trevor Drinkwater | 2,594.31 |

Preliminary Draft Subject to Change          23 of 25



**GENIUS PRODUCTS LLC**
Petition Date: December 27, 2011
Analysis of Disbursements for Four Years Prior to Petition Date
Source: Debtor Bank Statements and Enclosures

| Bank Account Number | Date | Check / Ref Number | Payee | Amount |
|---|---|---|---|---|
| 202304853 | 05/04/09 | 42223 | Trevor Drinkwater | 4,074.29 |
| 202304853 | 05/18/09 | 42417 | Trevor Drinkwater | 3,935.50 |
| 202304853 | 06/05/09 | 42527 | Trevor Drinkwater | 4,300.19 |
| 202304853 | 06/22/09 | 42697 | Trevor Drinkwater | 8,919.50 |
| 202304853 | 07/02/09 | 42728 | Trevor Drinkwater | 7,184.47 |
| 202304853 | 07/17/09 | 42890 | Trevor Drinkwater | 4,994.47 |
| 202304853 | 08/18/09 | 43224 | Trevor Drinkwater | 8,396.39 |
| 202304853 | 08/30/09 | 43285 | Trevor Drinkwater | 977.57 |
| 202304853 | 09/11/09 | 43391 | Trevor Drinkwater | 2,699.93 |
| 202304853 | 10/05/09 | 43557 | Trevor Drinkwater | 3,878.67 |
| 202304853 | 10/26/09 | 43681 | Trevor Drinkwater | 8,964.42 |
| 202304853 | 11/02/09 | 43730 | Trevor Drinkwater | 377.41 |
| 202304853 | 11/06/09 | 43758 | Trevor Drinkwater | 3,846.30 |
| 202304853 | 11/30/09 | 43884 | Trevor Drinkwater | 903.21 |
| 202304853 | 12/07/09 | 43926 | Trevor Drinkwater | 23,903.45 |
| 202304853 | 12/14/09 | 43973 | Trevor Drinkwater | 5,945.21 |
| 202304853 | 12/21/09 | 44020 | Trevor Drinkwater | 2,846.47 |
| 202304853 | 01/14/10 | 44083 | Trevor Drinkwater | 7,458.86 |
| 202304853 | 02/05/10 | 44165 | Trevor Drinkwater | 3,152.40 |
| 202304853 | 02/12/10 | 44192 | Trevor Drinkwater | 8,589.17 |
| 202304853 | 02/18/10 | 44206 | Trevor Drinkwater | 4,222.43 |
| 202304853 | 03/12/10 | 44277 | Trevor Drinkwater | 4,100.20 |
| 202304853 | 04/01/10 | 44326 | Trevor Drinkwater | 7,638.20 |
| 202304853 | 04/29/10 | 44479 | Trevor Drinkwater | 11,854.85 |
| 202304853 | 05/10/10 | 44509 | Trevor Drinkwater | 4,325.60 |
| 202304853 | 05/21/10 | 44550 | Trevor Drinkwater | 5,629.55 |
| 202304853 | 05/27/10 | 44568 | Trevor Drinkwater | 5,840.97 |
| 202304853 | 06/18/10 | 44627 | Trevor Drinkwater | 3,649.54 |
| 202304853 | 06/25/10 | 44641 | Trevor Drinkwater | 2,807.99 |
| 202304853 | 07/02/10 | 44649 | Trevor Drinkwater | 1,803.67 |
| 202304853 | 07/16/10 | 44675 | Trevor Drinkwater | 4,090.20 |
| 202304853 | 07/30/10 | 44698 | Trevor Drinkwater | 4,237.15 |
| 202304853 | 08/27/10 | 44758 | Trevor Drinkwater | 6,879.65 |
| 202304853 | 09/10/10 | 44783 | Trevor Drinkwater | 5,346.84 |
| 202304853 | 09/16/10 | 44799 | Trevor Drinkwater | 4,255.55 |
| 202304853 | 09/23/10 | 44805 | Trevor Drinkwater | 2,831.37 |

Preliminary Draft Subject to Change    24 of 25



**GENIUS PRODUCTS LLC**
Petition Date: December 27, 2011
Analysis of Disbursements for Four Years Prior to Petition Date
Source: Debtor Bank Statements and Enclosures

| Bank Account Number | Date | Check / Ref Number | Payee | Amount |
|---|---|---|---|---|
| 202304853 | 10/08/10 | 44839 | Trevor Drinkwater | 3,560.97 |
| 202304853 | 12/09/10 | 44884 | Trevor Drinkwater | 23,000.00 |
| 202304853 | 12/09/10 | 44881 | Trevor Drinkwater | 7,098.94 |
| | | | **Trevor Drinkwater Total** | **802,346.00** |