**ROBINS KAPLAN LLP**
David B. Shemano (State Bar No. 176020)
dshemano@robinskaplan.com
James P. Menton, Jr. (State Bar No. 159032)
jmenton@robinskaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310-552-0130
Facsimile: 310-229-5800

Special Litigation Counsel for Alfred H. Siegel,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GENIUS PRODUCTS, LLC,<br><br>       Debtor. | Case No. 2:11-bk-62283-BB<br><br>Chapter 7 |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>TREVOR DRINKWATER,<br><br>       Defendant. | Adv. No. 2:14-ap-01287-BB<br><br>**DECLARATION OF JAMES P. MENTON, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date: November 1, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>      United States Bankruptcy Court<br>      255 East Temple Street<br>      Los Angeles, CA |

61245648.1

**DECLARATION OF JAMES P. MENTON, JR.**

I, James P. Menton, Jr., declare as follows:

1. I am a partner with the law firm of Robins Kaplan LLP ("Robins Kaplan"), special counsel to Alfred H. Siegel (the "Trustee"), chapter 7 trustee for the estate of Genius Products, LLC (the "Debtor") and the plaintiff in the above-captioned adversary proceeding against defendant Trevor Drinkwater. Unless otherwise stated, the facts stated herein are based on my personal knowledge and, if called upon to testify, I would and could competently testify thereto

2. I make this declaration in support of the Trustee's Motion for Leave to File Amended Complaint (the "Motion"). Terms not defined herein shall have the same meanings ascribed to them in the Motion.

3. Attached as Exhibit A to the Motion is a copy of the Trustee's Second Amended Complaint for Breach of Fiduciary Duty and Avoidance and Recovery of Fraudulent Transfers (the "Second Amended Complaint").

4. Since commencing the Drinkwater Action, the Trustee has gained access to and reviewed certain of the Debtor's books and records that Mr. Drinkwater withheld from and failed to disclose to the Trustee for more than three years, and taken the 2004 examination of Mr. Drinkwater as the Debtor's designated representative pursuant to an Order of the Court. Based upon the Trustee's investigation, the Trustee is now able to allege claims with greater particularity and detail and seeks leave to file the Second Amended Complaint by the Motion.

5. The Second Amended Complaint reduces and limits this matter to four restated claims for relief. The restated claims for relief consist of (a) the breach of fiduciary duty claim relating to the transfer of Debtor funds in excess of $130 million (first claim for relief), and (b) the avoidance and recovery of fraudulent transfers under Bankruptcy Code section 544(b) (second through fourth claims for relief). The restated claim for breach of fiduciary duty alleges greater particularity and detail regarding this claim, including identifying the recipient of the $130 million in Debtors funds, TWC, and the self-dealing conduct of Mr. Drinkwater giving rise to the claim, including negotiating and then causing the Debtor to continue to perform agreements with TWC and affiliates that did not reflect market terms that resulted in the transfer of the $130

61245648.1     - 2 -

1 million in order to advance his own interests ahead of the Debtor's interests. The restated claims

2 for fraudulent transfer alleges greater particularity and detail regarding the claims, including

3 clarification as to the amount of Debtor funds transferred to Mr. Drinkwater within four years of

4 the bankruptcy (in excess of $1.8 million).

5       6. On or about February 10, 2016, I had a forensic image made of a copy of a hard

6 drive on which had been backed up information from the Debtor's computer system that Mr.

7 Drinkwater made available for such purpose. I subsequently learned that that the hard drive

8 contains approximately 469 GB of information (collectively, "ESI").

9       7. In addition to this ESI, I made arrangements for delivery to our offices of over 900

10 boxes of stored records of the Debtor that had been stored in a storage facility controlled by Mr.

11 Drinkwater. The storage company had initially refused to release the stored records based on

12 outstanding storage charges of more than $20,000, which Mr. Drinkwater had not paid. Mr.

13 Drinkwater was not willing to satisfy those charges when it was understood their payment was a

14 condition precedent to release of the books and records. The storage company ultimately agreed

15 to release the stored records to the Trustee in care of his counsel without payment of the storage

16 charges. Mr. Drinkwater has refused to reimburse the Debtor's estate for the costs incurred in

17 removing the stored records from the storage facility, contending he has no obligation to do so.

18 The Trustee disputes this contention.

19       8. At my direction, an initial "first-cut" review of the boxes of stored records

20 obtained from the storage facility (the "Hard Copy Documents"). Information contained in over

21 200 boxes was scanned by an outside vendor for review and analysis. This scanning was not

22 completed until in or about June 2016. I understand the Hard Copy Documents ultimately

23 scanned exceed 60,000 documents and total more than 400,000 pages.

24       9. In order to afford additional time for the Trustee to review ESI and Hard Copy

25 Documents and to take Mr. Drinkwater's testimony as the Debtor's designated representative of

26 the Debtor pursuant to an examination under Rule 2004 of the Federal Rules of Bankruptcy

27 Procedure (the "2004 Examination") before determining whether to prosecute the existing claims

28 against Mr. Drinkwater, dismiss those claims, seek leave to amend the first amended complaint or

seek to consolidate the Drinkwater Action with the Weinstein Action, the Trustee and Mr. Drinkwater stipulated to extend the deadline to file the Motions and for a hearing on any such Motions and to continue the status conference. The Court approved the parties' stipulation by Order entered June 1, 2016, pursuant to which, among other things, the Court extended the deadline to file the Motions to August 23, 2016 and extending the hearing on any such Motions to September 13, 2016.

10. Concurrent with the foregoing stipulation, the Trustee and Mr. Drinkwater stipulated to conducting Mr. Drinkwater's 2004 Examination on August 4, 2016, or such other agreed upon date, which the Court approved pursuant to an Order entered on June 1, 2016. Mr. Drinkwater's 2004 Examination took place in our offices on August 12, 2016. I attended the 2004 Examination on behalf of the Trustee as did others. Counsel for Mr. Drinkwater and Weinstein also attended.

11. Subsequent to Mr. Drinkwater's 2004 Examination, the Trustee and Mr. Drinkwater obtained Court approval of their stipulation to extend the deadline for filing the Motions and the hearing thereon and to continue the status conference to allow them to try and reach a consensual resolution of the Motions and/or a settlement of this adversary proceeding before being required to expend the time and resources relating to the Motions and in otherwise proceeding with the litigation. The Court did so by Order entered August 22, 2016, as a result of the deadline to file the Motions was extended to October 11, 2016, and the hearing on any such Motions was extended to November 1, 2016. No consensual resolution of the Motions and/or settlement of this adversary proceeding as resulted since then.

12. This litigation is still in its early stages. No motion to dismiss was filed and no summary judgment motion has been filed. The parties have conducted limited formal discovery to date. The parties conducted their Rule 26(f) conference in July 2015, and subsequently made their Initial Disclosures. The Trustee served document requests and interrogatories on Mr. Drinkwater to which he responded in August 2015. Mr. Drinkwater served document requests and interrogatories on the Trustee to which the Trustee responded in September 2015. There is no pending written discovery and no depositions have been taken. There is no discovery deadline

1  and no trial date set in this adversary proceeding. There are no other dates or deadlines in this

2  action except for the dates associated with this Motion and the concurrently filed motion to

3  consolidate this action and the Weinstein Action and a November 1, 2016 status conference.

4      13.    The Weinstein Action, wherein the Trustee is also represented by Robins Kaplan,

5  is still in its early stages. The parties have propounded and responded to a first set of requests for

6  documents. No depositions have been taken, and there are no dates and deadlines set in the

7  Weinstein Action except for a November 1, 2016 status conference.

8      I declare under penalty of perjury that the foregoing is true and correct.

9      Executed this 11th day of October 2016 at Los Angeles, California.

                                    /s/ James P. Menton, Jr.
                                    James P. Menton, Jr.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF JAMES P. MENTON, JR. IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 11, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lance N Jurich     ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
- Benjamin R King     bking@loeb.com, karnote@loeb.com;ladocket@loeb.com
- James P Menton     JPMenton@rkmc.com
- David B Shemano     dshemano@robinskaplan.com
- Alfred H Siegel (TR)     Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;Margo.tzeng@asiegelandassoc.com;asiegel@ecf.epiqsystems.com
- Lindsey L Smith     lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 11, 2016** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge:**
Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1482 / Courtroom 1475
Los Angeles, CA 90012

**Attorneys for the Weinstein Company LLC and The Weinstein Company Holdings, LLC**
Alan R. Friedman
Mette H. Kurth
William H. Stassen
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
61245668.1

**F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 11, 2016 | Diana Tehranfar | /s/ Diana Tehranfar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

61245668.1