LOEB & LOEB LLP
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
BENJAMIN R. KING (SBN 205447)
bking@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TREVOR DRINKWATER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:11-BK-62283-RN |
| GENIUS PRODUCTS, LLC, | Chapter 7 |
| Debtor. | Adversary No. 2:14-AP-01287-RN |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC, | **DECLARATION OF DEFENDANT TREVOR DRINKWATER IN SUPPORT OF HIS OPPOSITION TO MOTION OF PLAINTIFF ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC, FOR LEAVE TO AMEND COMPLAINT** |
| Plaintiff, | |
| v. | |
| TREVOR DRINKWATER, | |
| Defendant. | Hearing Date: November 1, 2016<br>Hearing Time: 2:00 p.m.<br>Courtroom: 1539 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

10851595.1
223818-10001        DECLARATION OF TREVOR DRINKWATER

Case 2:14-ap-01287-BB    Doc 89    Filed 10/18/16    Entered 10/18/16 17:14:39    Desc
Main Document    Page 2 of 3

## DECLARATION OF TREVOR DRINKWATER

I, Trevor Drinkwater, declare as follows:

1. I was previously the Chief Executive Officer and President of debtor Genius Products, LLC ("Debtor") in the above-captioned proceeding. I make this declaration in support of my opposition to the motion of Alfred H. Siegel, Chapter 7 Trustee, for leave to file a Second Amended Complaint in the above matter (the "Amendment Motion"). I make this declaration based upon my own personal knowledge of the foregoing facts and, if called upon to testify to them, could and would do so competently in a court of law.

2. I received a copy of the Trustee's initial pleadings in this action soon after they were filed and served on me in May 2014, including the Trustee's First Amended Complaint which the Trustee now seeks to amend (the "FAC"). Based upon my reading of the FAC, I understood that I was being sued for "recovery" of a variety of payments I received from the Debtor, which payments I was able to determine were on account of reimbursement for business expenses and, in one case, a retention bonus. I *did not* interpret any of the allegations of the FAC (or the initial Complaint) to have anything to do with Debtor's business relationship and agreements with The Weinstein Company or any related entities. I did not come to understand until much later that the Trustee was considering amending the FAC to assert claims based upon those events.

3. I understand that the FAC contains the following allegation in Paragraph 53:

> Plaintiff is informed and believes that Defendant, either alone or in concert with other directors or officers of the Debtor, authorized payments in excess of $130,000,000.00 to insiders, including officers, directors and members of the Debtor, in an effort to avoid paying creditors of the Debtor and thereby breached his fiduciary duties by reducing the assets available to pay the Debtor's creditors in said amount.

When I first reviewed that paragraph, I did not in any way believe that it pertained to, or referenced, any of Debtor's dealings with The Weinstein Company, any related entities, or the transactions between the Debtor and the Weinsteins. Frankly, I found the allegation confusing in light of all the other provisions of the FAC that focused entirely on approximately $800,000 of business reimbursements and payments. Specifically, until I

10851595.1
223818-10001

1

DECLARATION OF TREVOR DRINKWATER

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

learned much later that the Trustee was claiming Debtor had paid approximately $130 million to the Weinsteins under the parties' agreements to the Weinsteins over a period of years leading up to Debtor's bankruptcy, that number had *absolutely no significance to me* (other than my concern, of course, that it was a large amount). It did not invoke any thought of the Weinstein relationship. Rather, given the reference to "insiders, including officers, directors and members of the Debtor," if anything I assumed the Trustee must be accusing me of paying money to the *other former officers of Genius that the Trustee sued along with me – including Matthew Smith, Michael Radiloff, Michell Budin, and Jared Drinkwater*. The $130 million was out of nowhere and I did not know what the Trustee intended to reference, if anything. I only learned that roughly a year later when the Trustee claimed he may seek leave to amend to extend his claims against The Weinstein Company defendants to me.

4.     I have reviewed the Trustee's "[proposed] Second Amended Complaint For Breach of Fiduciary Duty and Avoidance and Recovery of Fraudulent Transfers" attached to the Amendment Motion. To me, other than continuing to assert allegations for specific business payments, it alleges a completely different case than what was articulated in the FAC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of October, 2016, at 15426 Albright St Pacific Palisades CA 90272

_____
TREVOR DRINKWATER