LOEB & LOEB LLP
LANCE N. JURICH (SBN 132695)
ljurich@loeb.com
BENJAMIN R. KING (SBN 205447)
bking@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TREVOR DRINKWATER

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GENIUS PRODUCTS, LLC,<br><br>Debtor. | Case No.: 2:11-BK-62283-BB<br><br>Chapter 7<br><br>Adversary No. 2:14-AP-01287-BB |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR DRINKWATER,<br><br>Defendant. | **DECLARATION OF BENJAMIN R. KING IN SUPPORT OF OPPOSITION OF DEFENDANT TREVOR DRINKWATER TO MOTION OF PLAINTIFF ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC, FOR CONTINUANCE AND TO MODIFY SCHEDULING ORDER**<br><br>Hearing Date: November 1, 2016<br>Hearing Time: 2:00 p.m.<br>Courtroom: 1539 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10853637.1
223818-10001

KING DECLARATION RE OPPOSITION TO MOTION
FOR LEAVE TO AMEND

# DECLARATION OF BENJAMIN R. KING

I, Benjamin R. King, declare as follows:

1. I am a partner of the firm of Loeb & Loeb LLP, counsel of record for defendant Trevor Drinkwater ("Mr. Drinkwater") in the above-captioned actions. I am a member in good standing of the State Bar of California. I make this declaration in support of Mr. Drinkwater's opposition to the motion of plaintiff Alfred H. Siegel, Chapter 7 Trustee (the "Trustee"), for leave to file a Second Amended Complaint (the "Proposed Amendment") in the above-captioned adversary proceeding (the "Amendment Motion"). I have personal knowledge of the foregoing facts and, if called upon to do so, I could and would competently testify to the same in a court of law.

## The Original And Operative First Amended Complaint

2. Attached for this Court's convenience as Exhibit "A" is a true and correct copy of the original Complaint filed by the Trustee in the above-captioned proceeding against Mr. Drinkwater on May 1, 2014 [Docket No. 1].

3. Attached for this Court's convenience as Exhibit "B" is a true and correct copy of the Trustee's operative First Amended Complaint filed in the above-captioned proceeding against Mr. Drinkwater on May 2, 2014 [Docket No. 2] (the "FAC").

## Similar Actions Filed (And Later Dismissed) By The Trustee
## Against Other Former Officers Of Debtor

4. Attached for this Court's convenience as Exhibit "C" is a true and correct copy of the Trustee's most recent-filed complaint in the matter of *Seigel v. Mitchell Budin, Adversary Proceeding No.* 2:14-ap-01291-RN. My firm was also counsel for Mr. Budin, who was sued in his capacity as a former officer of the Debtor.

5. Attached for this Court's convenience as Exhibit "D" is a true and correct copy of the Trustee's most recent-filed complaint in the matter of *Seigel v. Michael Radiloff, Adversary Proceeding No.* 2:14-ap-01274-RN. My firm was also counsel for Mr. Radiloff, who was sued in his capacity as a former officer of the Debtor.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

10853637.1
223818-10001

1

KING DECLARATION RE OPPOSITION TO MOTION
FOR LEAVE TO AMEND

6.     Attached for this Court's convenience as Exhibit "E" is a true and correct copy of the Trustee's most recent-filed complaint in the matter of *Seigel v. Matthew Smith, Adversary Proceeding No.* 2:14-ap-01287-RN.  My firm was also counsel for Mr. Smith, who was sued in his capacity as a former officer of the Debtor.

7.     Ultimately, following settlement discussions, the Trustee dismissed each of the matters against Messrs. Budin, Smith, and Radiloff were dismissed with prejudice by the Trustee without any settlement agreement or payment by Mr. Smith.

### The Trustee's Separate Adversary Proceeding Against The Weinsteins

8.     Attached for this Court's convenience as Exhibit "F" is a true and correct copy of the Trustee's Complaint filed in the matter of *Seigel v., Adversary Proceeding No.* 2:14-ap-01287-RN (the "Related Case") on May 8, 2015.

9.     Attached for this Court's convenience as Exhibit "G" is a true and correct copy of this Court's "Order Granting, In Part, And Denying In Part, Defendants' Motion To Dismiss The Chapter 7 Trustee's Complaint," entered on October 23, 2015 in the Related Case.

### Good-Faith Settlement Discussions With The Trustee

10.     After the FAC was filed, Mr. Drinkwater (through counsel) and the Trustee undertook good-faith negotiations to attempt to settle the allegations against Mr. Drinkwater, including claims that Mr. Drinkwater had received improper business expense reimbursements and bonuses from the Debtor during his employment.  As part of that process, on or about April 2, 2015, without a document request, Mr. Drinkwater produced to the Trustee over 2,800 pages of documents which were directly related to the transfers that are the subject of the FAC.  Those documents included business records such as receipts, expense requests, copies of checks issued by Debtor, and other information that addresses the existing allegations that Defendant was improperly paid approximately $802,346.00 by the Debtor.  Those settlement discussions ceased to be productive in late May 2015.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

10853637.1
223818-10001

2
KING DECLARATION RE OPPOSITION TO MOTION
FOR LEAVE TO AMEND

### Rule 26(f) Conference Of Counsel Held On July 2, 2015

11. On July 2, 2015, at my invitation, I participated in a Rule 26(f) conference of counsel with David B. Shemano and James P. Menton, Jr. of Robins Kaplan LLP ("Special Litigation Counsel" for Debtor. During that conference, I was advised that Special Litigation Counsel saw this case differently from their predecessor counsel and, if a settlement was not reached in this adversary proceeding, it was their intent to seek to amend the Trustee's FAC to add new allegations that Defendant breached his alleged fiduciary duty to Debtor in connection with the transactions which are currently the subject of the Trustee's separate adversary proceeding against The Weinstein Company, LLC. The Trustee's counsel stated that the Trustee was no longer viewing the currently alleged transfers as really in dispute, but instead focusing on unpled theories that certain transactions between The Weinstein Company and the Debtor were unfair to the Debtor – allegations that are not part of the FAC. The Trustee's counsel articulated to me that a potential amendment against Defendant would be based upon his serving as CEO and President of Debtor at the time that these allegedly "unfair" transactions were consummated. During that call, they asked me if Defendant would stipulate to a continuance of the current case schedule to permit time for, among other things, a motion seeking such amendment of the FAC. I advised that Defendant would not agree to such a stipulation given the substantial resources that Defendant has expended in producing documentation related to the <u>existing</u> allegations in the FAC to the Trustee and attempting to resolve this matter on that basis. They indicated to me that, without a stipulation, the Trustee would proceed with a motion for a continuance and a motion for leave to amend the FAC. Further, the Trustee's counsel advised that the Trustee would seek consolidation to place the instant adversary proceeding on track with then newly filed adversary proceeding against The Weinstein Company.

### Parties' Discovery To Date

3

10853637.1
223818-10001

KING DECLARATION RE OPPOSITION TO MOTION
FOR LEAVE TO AMEND

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

12. To date, and following the breakdown in settlement discussions, both parties have served special interrogatories and production requests on each other, and made their Rule 26(f) Initial Disclosures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of October, 2016, at Los Angeles, California.

                                        */s/ Benjamin R. King*
                                        BENJAMIN R. KING

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

10853637.1
223818-10001

4
KING DECLARATION RE OPPOSITION TO MOTION
FOR LEAVE TO AMEND