ROBINS KAPLAN LLP
David B. Shemano (State Bar No. 176020)
dshemano@robinskaplan.com
James P. Menton, Jr. (State Bar No. 159032)
jmenton@robinskaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: 310-552-0130
Facsimile: 310-229-5800

Special Litigation Counsel for Alfred H. Siegel,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GENIUS PRODUCTS, LLC,<br><br>Debtor. | Case No. 2:11-bk-62283-BB<br><br>Chapter 7 |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GENIUS PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR DRINKWATER,<br><br>Defendant. | Adv. No. 2:14-ap-01287-BB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**<br><br>Date: November 1, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>           United States Bankruptcy Court<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

Alfred H. Siegel, chapter 7 Trustee (the "Trustee") for the estate of the above-captioned Debtor (the "Debtor"), hereby submits his reply in support of his Motion To Consolidate (the "Motion").

61248730.2

### THE COURT SHOULD ORDER WHATEVER RELIEF
### WILL BENEFIT THE ADMINISTRATION OF THESE PROCEEDING

No good deed goes unpunished. Robins Kaplan LLP ("RK"), as special litigation counsel to the Trustee, was engaged to investigate and, if the facts warranted, prosecute potential claims against Weinstein and Drinkwater. RK engagement was limited to those two defendants because the substance of both potential claims was rooted in the distribution agreement relationship between Weinstein and the Debtor. The claim against Weinstein is based upon Weinstein's control over the Debtor's operations and receipt of $130 million pursuant to the distribution agreement. The claim against Drinkwater is based upon his agreement, as an officer of the Debtor, to turnover control of the Debtor to Weinstein and then do Weinstein's bidding, including transferring $130 million to Weinstein. It is difficult to imagine two more interrelated claims that have common issues of fact and law.[1]

The Trustee filed the motion to consolidate because he believes consolidation will enhance the efficient administration of these two proceedings for all parties, including the Court. The Trustee has no intent to prejudice the rights of any parties and was quite surprised that both Weinstein and Drinkwater each filed an opposition to the motion. The oppositions do not appear substantive or meritorious, but if the Court believes that consolidation will not benefit the process, or there is an alternative to consolidation that will provide more benefit, then that is what the Court should order.

Both Weinstein and Drinkwater argue that consolidation is premature, because the Court has not yet considered and granted the Trustee's motion for authority to file an amended complaint against Drinkwater. To state the obvious, the Court will be considering both motions at the same hearing on November 1. It would make perfect sense for the Court to first consider the motion for authority to file the amended complaint and then consider the motion to consolidate in light of the Court ruling on the prior motion. That will resolve any concern regarding prematurity.

---

[1] To repeat what is stated in other pleadings, Drinkwater failed to disclose the existence of over 900 boxes containing the Debtor's books and records until May 26, 2015, and did not appear for examination as the Debtor's representative until August 2016.

61248730.2                                -1-

Drinkwater argues that he will be prejudiced by consolidation because he intends to assert the right to a jury trial if the Trustee is given leave to amend his complaint while Weinstein did not reserve the right to a jury trial. Assuming for argument sake that Drinkwater has a jury trial right, the Trustee acknowledges that if both of these proceedings go to trial, Drinkwater's jury trial right would have to be addressed and accommodated. However, that potential issue does not warrant denying the Court and the parties the benefit of consolidation for all matters prior to trial. The Court has the discretion to fashion a consolidation order limited to pre-trial matters and leave consideration of trial consolidation for another day. *See, e.g., Katz v. Realty Equities Corp.,* 521 F.2d 1354 (2d Cir. 1975).

DATED:  October 25, 2016    **ROBINS KAPLAN LLP**

By:  /s/ James P. Menton, Jr.
    David B. Shemano
    James P. Menton, Jr.

Special Litigation Counsel for Alfred H. Siegel, Chapter 7 Trustee

61248730.2    -2-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CONSOLIDATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 25, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lance N Jurich     ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
- Benjamin R King    bking@loeb.com, karnote@loeb.com;ladocket@loeb.com
- James P Menton     JPMenton@rkmc.com
- David B Shemano    dshemano@robinskaplan.com
- Alfred H Siegel (TR)    Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;Margo.tzeng@asiegelandassoc.com;asiegel@ecf.epiqsystems.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 25, 2016** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge:**
Hon. Sheri Bluebond
United States Bankruptcy Court
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**
61248845.1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2016 | Diana Tehranfar | /s/ Diana Tehranfar |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

61248845.1